IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUPERIOR GRAPHITE CO., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 19-cv-5830 |
| ) | |
| RAUL CAMPOS and AMERICAN ) | |
| ENERGY TECHNOLOGIES CO., ) | Hon. Franklin U. Valderrama |
| ) | Hon. Jeffrey Cole, Magistrate Judge |
| Defendants. ) | |

**THE PARTIES' JOINT MOTION FOR ENTRY OF A FINAL JUDGMENT AND
MUTUAL CONSENT PERMANENT INJUNCTION**

NOW COME the Parties, Plaintiff/Counter-Defendant SUPERIOR GRAPHITE CO. ("Superior Graphite"), Defendant/Counter-Plaintiff AMERICAN ENERGY TECHNOLOGIES CO. ("AETC"), and Defendant RAUL CAMPOS ("Campos") (collectively, the "Parties"), and move this Court to enter the Final Judgment and Mutual Consent Permanent Injunction attached hereto as Exhibit A. In support thereof, the Parties state as follows:

**Background**

1. On August 29, 2019, plaintiff Superior Graphite filed its initial Complaint for Injunctive and Other Relief ("Complaint"), alleging claims against defendants Raul Campos ("Campos") and American Energy Technologies Co. ("AETC") for defendants' threatened and actual misappropriation of Superior Graphite's trade secrets, and for Campos's breach of his fiduciary duty of loyalty and duty to maintain confidential information. (Dkt. #2).

2. On November 5, 2019, Superior Graphite filed an Amended Complaint seeking injunctive and other relief, and alleging claims for violations of the Defend Trade Secrets Act ("DTSA") and the Illinois Trade Secrets Act ("ITSA"), breach of fiduciary duty, and conspiracy

to breach fiduciary duties. (Dkt. #42). Both defendants filed Answers and Affirmative Defenses, denying Superior Graphite's substantive allegations. (Dkt. #s 51, 58).

3. Shortly before the scheduled preliminary injunction hearing, the Parties reached an agreement concerning the entry of a preliminary injunction order and the Court (Judge Alonso) entered a Consent Order for Preliminary Injunction. (Dkt. #s 56, 57).

4. On February 18, 2020, AETC filed a Counterclaim against Superior Graphite seeking injunctive and other relief, alleging causes of action for violations of the DTSA and ITSA. (Dkt. #64).

5. Discovery has proceeded in earnest throughout 2020.

## The Settlement of this Case

6. In November 2020, with Magistrate Judge Cole's encouragement, the Parties began to explore alternative ways to resolve this dispute, including the possibility of resolving this dispute with the assistance of a Special Master or industry neutral. On November 19, 2020, Magistrate Judge Cole entered an order staying discovery while the Parties explored this possibility. (Dkt. #86).

7. In the context of their discussions about the selection of a Special Master or industry neutral, the Parties also discussed the possibility of a global settlement independently of the involvement of any third-parties. The Parties agree that a critical and necessary component of any settlement of this dispute must be the entry of a permanent injunction enjoining each of the Parties from using or disclosing the particular confidential trade secrets which are the subject of their respective claims in this case.

**The Proposed Final Judgment and Mutual Consent Permanent Injunction**

8.  In substance, the Parties' proposed Final Judgment and Mutual Consent Permanent Injunction dismisses the lawsuit in full, with prejudice, and enjoins the Parties from using or disclosing the trade secrets that are the subject of this lawsuit for ten years. The Settlement Agreement and Mutual Releases negotiated by the Parties will not become effective unless the Court grants the injunctive relief jointly requested by the Parties as set forth in the proposed Final Judgment and Mutual Consent Permanent Injunction.

9.  The Parties have also agreed, as a component of their global settlement, to a protocol governing the destruction by the parties and partial retention by counsel for the parties of documents that were obtained by the Parties prior to the litigation and/or exchanged in discovery and marked by one or more of the Parties as Confidential, Attorneys' Eyes Only or otherwise. The Parties filed a Joint Motion (Dkt. #87) before Magistrate Judge Cole, who has been overseeing discovery, for entry of an Amended Agreed Confidentiality Order that memorializes this protocol, and Magistrate Judge Cole has entered the Amended Agreed Confidentiality Order requested by the Parties (Dkt. #90). The Final Judgment and Mutual Consent Permanent Injunction acknowledges the Parties' obligations under the Amended Agreed Confidentiality Order.

WHEREFORE, the Parties, Plaintiff / Counter-Defendant SUPERIOR GRAPHITE CO., Defendant/Counter-Plaintiff AMERICAN ENERGY TECHNOLOGIES CO. and Defendant RAUL CAMPOS, pray that the Court enter the proposed Final Judgment and Mutual Consent Permanent Injunction.

Dated: January 5, 2021

Respectfully submitted,

| | | |
|---|---|---|
| /s/ John M. Murphy | /s/ Richard K. Hellerman | /s/ Matthew A. Sidor |
| *Attorney for Plaintiff / Counter-Defendant, Superior Graphite Co.* | *Attorneys for Defendant, Counter-Plaintiff, American Energy Technologies Co.* | *Attorney for Defendant, Raul Campos* |
| John M. Murphy<br>BAKER & McKENZIE LLP<br>300 East Randolph St.,<br>Suite 5000<br>Chicago, IL 60601<br>(312) 861-8085<br>john.murphy@bakermckenzie.com | Richard K. Hellerman<br>The Law Office of Richard K. Hellerman, P.C.<br>300 South Wacker Dr.<br>Suite 1500<br>Chicago, IL 60606<br>(312) 775-3646<br>rkhellerman@hellermanlaw.com | Matthew A. Sidor<br>Sidor Law, Ltd.<br>180 N. Wacker Drive,<br>Suite 201<br>Chicago, IL 60606<br>(773) 791-1948<br>msidor@sidorlaw.com |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUPERIOR GRAPHITE CO., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:19-cv-05830 |
| ) | |
| RAUL CAMPOS and AMERICAN ) | Hon. Franklin U. Valderrama |
| ENERGY TECHNOLOGIES CO., ) | |
| ) | |
| Defendants. ) | |

## FINAL JUDGMENT AND MUTUAL CONSENT PERMANENT INJUNCTION

WHEREAS, this matter comes before the Court on the parties' Joint Motion for Entry of Final Judgment and Mutual Consent Permanent Injunction; and

WHEREAS, each of the parties hereto, Plaintiff/Counter-Defendant Superior Graphite Co. ("Superior Graphite"), Defendant Raul Campos ("Campos"), and Defendant/Counter-Plaintiff American Energy Technologies Co. ("AETC") (collectively, "Defendants"), has admitted that this Court possesses subject matter jurisdiction over the claims alleged by Superior Graphite in this action and over the counterclaims alleged by AETC in this action; and

WHEREAS, in its First Amended Complaint for Injunctive and Other Relief, Superior Graphite alleges that (i) Defendants AETC and Campos violated the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the Illinois Trade Secrets Act, 765 ILCS 1065 *et seq.*; (ii) Defendant Campos breached his fiduciary duties to Superior Graphite and (iii) Defendants entered into a conspiracy pursuant to which Defendant Campos breached his fiduciary duties to Superior Graphite (Dkt. No. 42); and

WHEREAS, in its Answer and Affirmative Defense to Superior Graphite's First Amended Complaint, AETC denied any and all allegations of wrongdoing against it (Dkt. No. 51); and

WHEREAS, in his Answer and Affirmative Defense to Superior Graphite's First Amended Complaint, Campos denied any and all allegations of wrongdoing against him (Dkt. No. 58); and

WHEREAS, AETC filed a Counterclaim alleging that Superior Graphite violated the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the Illinois Trade Secrets Act, 765 ILCS 1065 *et seq.* (Dkt. No. 64); and

WHEREAS, in its Answer and Affirmative Defenses to AETC's Counterclaim, Superior Graphite denied any and all allegations of wrongdoing against it (Dkt. No. 66); and

WHEREAS, on December 11, 2019, this Court entered a Consent Order for Preliminary Injunction enjoining AETC and Campos from, among other things, using or disclosing information and documents claimed by Superior Graphite to constitute its trade secrets, pending a trial on the merits (Dkt. No. 57);

WHEREAS, after having engaged in significant discovery concerning their respective claims and defenses, each of the parties reaffirms all their respective obligations under the Court's Amended Agreed Confidentiality Order and consents to the terms of this Final Judgment and Mutual Consent Permanent Injunction;

WHEREAS, the parties, by agreeing to this Final Judgment and Mutual Consent Permanent Injunction, make no admission as to the merits of the respective claims, counterclaims and defenses;

WHEREAS, the parties jointly waive the entry of findings of facts and conclusions of law by the Court pursuant to Federal Rule of Civil Procedure 52(a)(2) for the purposes of this Final Judgment and Mutual Consent Permanent Injunction.

IT IS THEREFORE ordered that:

1. The parties' Joint Motion for Entry of Final Judgment and Mutual Consent Permanent Injunction is GRANTED;

2. This case, including the First Amended Complaint and the Counterclaim, is DISMISSED WITH PREJUDICE; and

3. JUDGMENT is entered pursuant to the following terms, as agreed by the parties:

## Definitions

A. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained and translated, if necessary, into reasonably useable form.

B. "Superior Graphite Information" shall mean any and all information and Documents pertaining to the business of Superior Graphite which Campos, or Rosa Campos, or any other person acting on Defendant Campos' behalf, directly or indirectly provided or disclosed to AETC, its officers, directors, employees or agents during the period of August 1, 2018 through August 31, 2019. Notwithstanding the foregoing definition, "Superior Graphite Information" excludes such information and Documents relating to or describing the following products, all right, title and interest to which and all Intellectual Property rights relating to which Superior Graphite sold and transferred to Asbury Carbons, Inc. ("Asbury") pursuant to an Asset Purchase Agreement between Superior Graphite and Asbury dated October 11, 2016:

Slip PLATE®, Product Line

Black ICE Dry Graphite Lubricant
MowerGUARD Dry Graphite Lubricant
SLIP Plate Aerosol, SLIP Plate Chain & Cable
SLIP Plate No. 1 – Dry Graphite Lubricant, SLIP Plate No. 3, SLIP Plate No. 4

3

SLIP Plate Penetrant Plus
Superflake Cold Oven Chain Lubricant, Superflake Hot Oven Chain Lubricant

Sure Coat®, Product Line

SureCOAT 130, 217, 216, 1530, 1540, 2030, 450, 720, 730, 430, 430P, 630, 325-AL & 350-AL, and
Transition-Plate Ring Sealer
ELC CB12
Forge Lube 135

Bottom Line™. (Rail Lube) Product Line

Coal Car "Non-Stick" Coating
Switch Plate Lubricant

Seed SLIK®, Product Line

Seed SLIK Blend
Seed SLIK Graphite
Seed SLIK Talc

C. "AETC Information" shall mean any and all information and Documents pertaining to the business of AETC which Ted Mercede, or any other person acting on Ted Mercede's behalf, directly or indirectly provided or disclosed to Superior Graphite, its officers, directors, employees or agents during the period of June 1, 2019 through August 31, 2019, and which Documents have been produced in discovery by Superior Graphite and stamped as SG00001-7, 20-30, 35-39, 150-58.

**Representations and Warranties of Defendant/Counter-Plaintiff AETC**

1. AETC has performed a full and reasonable investigation to identify all of the Superior Graphite Information.

2. Based on said full and reasonable investigation, AETC has used its best efforts to identify and produce to Superior Graphite in discovery in this action all of the Superior Graphite

4

Information, which, as of the time AETC responded to Superior Graphite's discovery requests in this matter, was in its possession or subject to its control.

3. AETC represents to Superior Graphite and to the Court that the following facts are true and accurate: AETC, including its officers, directors, employees, agents, or any other person or entity acting on its behalf or in concert with it, has not, except for purposes relating to its defense of the claims alleged in this action, directly or indirectly, used, relied upon, monetized, incorporated, sold, licensed, profited or obtained any tangible benefit from any Superior Graphite Information.

**Representations and Warranties of Plaintiff/Counter-Defendant Superior Graphite**

4. Superior Graphite has performed a full and reasonable investigation to identify all of the AETC Information.

5. Based on said full and reasonable investigation, Superior Graphite has used its best efforts to identify and produce to AETC in discovery in this action all of the AETC Information, which, as of the time Superior Graphite responded to AETC's discovery requests in this matter, was in its possession or subject to its control.

6. Superior Graphite represents to AETC and to the Court that the following facts are true and accurate: Superior Graphite, including its officers, directors, employees, agents, or any other person or entity acting on its behalf or in concert with it, has not, except for purposes relating to its defense of the counterclaim alleged in this action, directly or indirectly, used, relied upon, monetized, incorporated, sold, licensed, profited or obtained any tangible benefit from any AETC Information.

5

**Enjoined Activities**

7. Until December 31, 2030, AETC, its officers, agents, servants, employees, and those other persons who are in active concert or participation with them who have received actual notice of this Order, shall not, directly or indirectly: (i) use, rely upon, consider, monetize, incorporate, sell, license, profit or obtain any benefit from the Superior Graphite Information; or (ii) disclose, transmit or disseminate the Superior Graphite Information.

8. Until December 31, 2030, Campos, his agents, and those other persons who are in active concert or participation with them who have received actual notice of this Order, shall not directly or indirectly: (i) use, rely upon, consider, monetize, incorporate, sell, license, profit or obtain any benefit from the Superior Graphite Information; or (ii) disclose, transmit or disseminate the Superior Graphite Information.

9. Until December 31, 2030, Superior Graphite, its officers, agents, servants, employees, and those other persons who are in active concert or participation with them who have received actual notice of this Order, shall not, directly or indirectly: (i) use, rely upon, consider, monetize, incorporate, sell, license, profit, or obtain any benefit from the AETC Information; or (ii) disclose, transmit or disseminate the AETC Information.

**The Court's Amended Agreed Confidentiality Order**

10. The Court's Amended Agreed Confidentiality Order shall remain in full force and effect following the entry of this Final Judgment and Mutual Consent Permanent Injunction.

11. The parties to this action shall remain subject to the jurisdiction of this Court, as to compliance with this Final Judgment and Mutual Consent Permanent Injunction and as to compliance with the Amended Agreed Confidentiality Order.

*For Defendant American Energy Technologies Co.*

/s/ Richard K. Hellerman
Richard K. Hellerman
Law Office of Richard K. Kellerman, PC
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606
 (312) 775-3646


*For Defendant Raul Campos*

/s/ Matthew A. Sidor
Matthew A. Sidor
Sidor Law, Ltd.
180 N. Wacker Drive, Suite 201
Chicago, IL 60606
 (773) 791-1948


*For Plaintiff Superior Graphite Co.*

/s/ John M. Murphy
John M. Murphy
Baker & McKenzie LLP
300 East Randolph St., Suite 5000
Chicago, IL 60601
(312) 861-8085


SO ORDERED, this _____ day of January, 2021.


Hon. Franklin U. Valderrama
United States District Judge
Northern District of Illinois
Eastern Division

4673172-v1\CHIDMS1

7